IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Action No. 3:06-cr-00017-1 |
| | ) | |
| v. | ) | By:  Michael F. Urbanski |
| | ) | United States Magistrate Judge |
| **MAURILIO PRIETO-RUBI.** | ) | |
| | ) | |

### REPORT AND RECOMMENDATION

Maurilio Prieto-Rubi ("Prieto-Rubi"), a federal inmate proceeding pro se, brings this motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Prieto-Rubi challenges his conviction and sentence for conspiracy to distribute fifty (50) grams or more of methamphetamine. Specifically, Prieto-Rubi asserts that his plea was not knowing and voluntary and that counsel provided ineffective assistance by misleading him as to the sentence he could expect to receive by pleading guilty and in failing to hold the government to its burden to prove that the drug in question was methamphetamine. By Order dated October 29, 2010, the court referred all dispositive motions to the undersigned for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned finds that Prieto-Rubi's claims have no merit and, therefore, **RECOMMENDS** that the United States' motion to dismiss be **GRANTED** and Prieto-Rubi's § 2255 motion be **DISMISSED**.

### I.

In July 2006, a Grand Jury sitting in the Western District of Virginia, Charlottesville Division, returned an indictment charging Prieto-Rubi with participation in a conspiracy to acquire and distribute fifty (50) or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prieto-Rubi pled guilty, without a written plea agreement, on October 10, 2006 to conspiring to distribute fifty (50) grams or more of methamphetamine. The court

sentenced him on January 11, 2007 to a term of incarceration of 194 months, followed by a five (5) year period of supervised release. Prieto-Rubi then filed a motion pursuant to 28 U.S.C. § 2255, asserting that his counsel failed to file an appeal upon his request. See Prieto-Rubi v. United States, Civil Action No. 7:07cv00412 (W.D. Va. 2007). The United States, conceding that a genuine issue of material fact existed, requested that the court grant Prieto-Rubi's motion in the interest of judicial economy. Thereafter, the court vacated Prieto-Rubi's sentence on November 1, 2007 and re-entered judgment, the same in every respect as the original judgment, except as to the date of entry, allowing Prieto-Rubi to file an appeal.

Prieto-Rubi filed an appeal on November 8, 2007, challenging his conviction and sentence. Specifically, Prieto-Rubi asserted that "the court erred in accepting his guilty plea without first ascertaining whether he had been advised of his right to contact the Mexican consulate under Article 36 of the Vienna Convention on Consular Relations." United States v. Prieto-Rubi, 306 F. App'x 826, 826-27 (4th Cir. 2009). Additionally, he alleged that "the district court erred in refusing to consider his status as a deportable alien as a basis for varying from the Sentencing Guidelines range." Id. at 827. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in a per curiam opinion dated January 15, 2009.

Prieto-Rubi filed this motion for relief pursuant to § 2255 on September 23, 2009, this time claiming that his plea was not knowing and voluntary and that counsel was ineffective by misleading him as to the sentence he could expect to receive by pleading guilty and in failing to hold the government to its burden to prove that the drug in question was methamphetamine.

## II.

Prieto-Rubi alleges that his plea was not knowingly and voluntarily made. However, his current allegation contrasts sharply with the statements he made during his plea colloquy, when he affirmed that he was entering the plea both knowingly and voluntarily. Therefore, upon

consideration of his claim, the undersigned finds that his plea was entered both knowingly and voluntarily, and thus, that his claim fails.

"[A] defendant's solemn declarations in open court affirming [a plea] . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74).

At his plea hearing, Prieto-Rubi stated under oath that he was in good health and that he was not under the influence of any medication or alcoholic beverage. The court established that Prieto-Rubi was aware of the nature of the charges against him, that he understood the range of punishment that he faced, that he understood how the United States Sentencing Guidelines might apply in his case, and that he knew that he had the right to a jury trial. Prieto-Rubi affirmed that he had consulted with his attorney before he entered his plea, that he was satisfied with the advice counsel had given him, and that he was knowingly and voluntarily entering his plea. The court established that Prieto-Rubi was aware that he would be bound by his plea, even if his sentence was more severe than he expected.

After all of the court's questions, Prieto-Rubi stated that he still wanted to plead guilty. The court ultimately accepted Prieto-Rubi's plea and found that Prieto-Rubi was "fully competent and capable of entering an informed plea [and] that his plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." The court took care to ensure that Prieto-Rubi was entering his plea

3

both knowingly and voluntarily. The court made findings on the record at the plea hearing that Prieto-Rubi was competent to plead and that he voluntarily and knowingly entered his plea. These findings were not mere formalities but rather reflected the court's considered opinion that Prieto-Rubi was in fact fully competent and that his plea was knowing and voluntary. Nothing that has followed has dispelled that conclusion. Accordingly, the undersigned finds that Prieto-Rubi's challenge to the validity of his plea has no merit and, therefore, **RECOMMENDS** that his claim be **DISMISSED**.

### III.

Prieto-Rubi raises two claims of ineffective assistance of counsel. However, the undersigned finds that neither of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984), and therefore, recommends that they be dismissed.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's defective performance prejudiced the defendant, and the errors were so serious as to deprive the defendant of a fair trial. Id. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. As such, there is a "strong presumption that counsel's performance falls within a wide range of reasonable professional assistance." Id. Moreover, the petitioner "bears the burden of proving Strickland prejudice." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If the petitioner fails to meet this burden, a

4

"reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

### A.

Prieto-Rubi asserts that counsel misled him as to the sentence he could expect to receive by pleading guilty. Specifically, Prieto-Rubi contends that he received advice from counsel stating that, if he pled guilty, he could expect to receive a sentence in the range of five to eight years. The undersigned finds that Prieto-Rubi has not demonstrated that he was prejudiced by counsel's alleged deficient performance, and therefore his claim fails.

In evaluating a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Even assuming that Prieto-Rubi would not have pleaded guilty and would have insisted on going to trial but for counsel's alleged misinformation regarding the sentence that Prieto-Rubi faced, his claim still fails. Where an attorney gives a defendant erroneous information, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992). "Mis-advice respecting sentencing possibilities' c[an]not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court." United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (quoting United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993)).

In this case, even if the court assumes, without finding, that counsel did advise Prieto-Rubi that his sentence would be five to eight years if he pled guilty, this misinformation was

corrected by the court at the Rule 11 hearing and Prieto-Rubi affirmed that he understood the court's advice. At the plea hearing, Prieto-Rubi was properly informed of the statutory maximum and the mandatory minimum sentences: "If convicted of this count or if the court accepts his guilty plea, he faces a minimum of ten years in prison, with a possible maximum of life without the possibility of parole." When the court asked if he understood the full range of punishment provided, Prieto-Rubi responded, "Yes." The court advised Prieto-Rubi that "the court will not be able to determine the sentence for your case until after the pre-sentence report has been completed." The court also advised Prieto-Rubi "that the judge has the authority to impose a sentence that is more severe or less severe than the sentence called for by the guidelines" and that if the sentence is "more severe than expected, [he would] still be bound by [his] plea and have no right to withdraw it." Prieto-Rubi again affirmed his understanding. The record indicates that Prieto-Rubi understood the full nature and consequences of his plea. Accordingly, the undersigned finds that Prieto-Rubi has not demonstrated that he was prejudiced by counsel's alleged deficient performance and therefore, the undersigned **RECOMMENDS** that this claim be **DISMISSED.**

## B.

Prieto-Rubi asserts that counsel provided ineffective assistance in failing to hold the government to its burden to prove that the substance which Prieto-Rubi was accused and convicted of conspiring to distribute was actually methamphetamine. However, the undersigned finds that Prieto-Rubi has failed to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged error and, therefore, finds that his claim fails.

In support of his claim, Prieto-Rubi alleges that the United States did not present a certificate of analysis or any expert testimony to identify the drug in question. Prieto-Rubi argues that counsel should have obtained a copy of the lab report in order to determine whether

6

the drug was "ice"[1] or methylenedioxy amphetamine[2], should have called a forensic chemist to testify at sentencing, and should have obtained an independent lab analysis of the drug. However, Prieto-Rubi was indicted for conspiring to distribute methamphetamine, he pled guilty to conspiring to distribute methamphetamine, and he was convicted and sentenced for conspiring to distribute methamphetamine.[3] Prieto-Rubi does not allege that he did not conspire to distribute methamphetamine. By pleading guilty to conspiring to distribute methamphetamine, Prieto-Rubi admitted that the drug was methamphetamine and, thus, there was no basis for counsel to "hold the government to its burden" to prove that the drug was actually methamphetamine. Because counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis," see Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987), the undersigned finds that Prieto-Rubi has not demonstrated that counsel's performance was deficient. Moreover, even if counsel performance was deficient, Prieto-Rubi does not allege how obtaining a copy of the government's lab analysis, calling a forensic chemist to testify at sentencing, or seeking an independent lab analysis would have affected the outcome of his case. Therefore, the undersigned finds that Prieto-Rubi has not demonstrated that he was prejudiced by counsel's alleged deficient performance. Accordingly, the undersigned **RECOMMENDS** that Prieto-Rubi's claim be **DISMISSED**.

---

[1] "Ice" is a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity. See U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n. (C).

[2] Methylenedioxy amphetamine ("MDA") is a hallucinogenic compound belonging to the amphetamine class. MDA, a Schedule I controlled substance, is similar to ecstasy. The court notes that there is no reference to MDA anywhere is Prieto-Rubi's indictment, PSR, plea or sentencing hearing transcripts, or judgment order.

[3] The court notes that the PSR determined that Prieto-Rubi was responsible for 1.5 kilograms or more of methamphetamine (actual). Methamphetamine (actual) is the weight of the methamphetamine, itself, contained in the mixture or substance. See U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n. (B). While Prieto-Rubi's indictment and guilty plea make no reference to methamphetamine (actual), there is no need for them to do so because methamphetamine (actual) is the pure part of methamphetamine.

# IV.

Based on the foregoing, the undersigned finds that Prieto-Rubi's was knowing and voluntary and that he has failed to demonstrate that counsel provided constitutionally deficient legal assistance. Accordingly, the undersigned **RECOMMENDS** that Prieto-Rubi's § 2255 motion to vacate, set aside or correct his conviction and sentence be **DISMISSED**.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

Entered: January 13, 2011.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge